UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARNELL LEON JONES,

                Plaintiff,

        -against-

NYPD, *et al.*,

                Defendants.

22-CV-4995 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Tarnell Leon Jones, who is currently incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated September 20, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Tarnell Leon Jones, who is in the custody of the Colorado Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado, brings this action under his own name and appears to also identify himself as the deceased rapper Tupac Amaru Shakur.

Plaintiff also brings this action under the name of Lesane Parish Crooks.[2] Plaintiff sues the following defendants: (1) "NY PD"; (2) "Goverment Cumandty"; (3) "LAPD"; and (4) "COLORADO DENVER PD." (ECF No. 2 at 1.) Plaintiff seeks money damages.

Plaintiff does not state where the events giving rise to his claims occurred, but he asserts that the date(s) of occurrence were "1990-95." (*Id.* at 4.). He alleges the following as the facts of his case:[3]

> Thay beate my ass in hand cuff & shot me at diffrent times & harasst me walking down street – I am back 2Pac Makaveli. I like full [illegible] done.
>
> 1 – xray head to feet
> 2 – C.T. skans head to feet
> 3 – CAT skans
> 4 – EEG
> 5 – EKG
> 6 – MRI
> 7 – ulchrasound both side of [illegible] 2 hearts
> 8 – blood teast both arms see type left O/right AB
> 9 – full body skans
>
> Holy Quran 33 v.4
>
> Shit bag trying for prophet to sent healing stuff. Colorado is keeping me from holy richarals [illegible].

(Id. at 4-5.)

Plaintiff asserts the following as his injuries: "Shit bag try to get my prophit to heal me." (*Id.* at 5.)

---

[2] The Court notes that this is Shakur's birth name. *See* https://www.google.com/search?client=firefox-b-1-d&q=lesane+parish+crooks (lasted visited Sept. 20, 2022).

[3] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. The Court otherwise quotes from the complaint verbatim, and all grammar, spelling and punctuation are as in the original.

## DISCUSSION

A.     **Plaintiff's complaint is dismissed as frivolous**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff fails to allege facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001, terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's assertions suggest that he believes that he is Tupac Shakur. Plaintiff does not, however, provide any plausible factual support for his claims and his assertions appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendants have violated his rights. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### B.     **Plaintiff is denied leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's irrational allegations cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

Plaintiff's complaint, brought under his own name and that of Tupac Amaru Shakur and Lesane Parish Crooks, is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 11, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge